IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

A.W., a minor, by his parents and )
next friends, Debra Wilson and )
Christopher Wilson, et al., )
       Plaintiffs, )
  )
        v. )  Case No. 1:07cv1182 (GBL)
  )
Fairfax County School Board, )
and )
Jack D. Dale, in his official )
capacity as Superintendent of )
Fairfax County Public Schools, )
       Defendants. )

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Fairfax County School Board and Jack D. Dale's Motion to Dismiss for lack of subject matter or in the alternative for failure to state a claim for which relief may be granted.  A.W., a student with disabilities, was suspended from high school because of an encounter he had with a female student.  A.W. asserts that he is being singled out for harsh discipline because of his disability and that other disabled students in the Fairfax County Public School system are disparately disciplined as compared to their non-disabled peers.  The question before the Court is two-fold. The first question is whether Plaintiffs are required to exhaust all administrative remedies available under the Individuals with Disabilities Education Act ("IDEA") despite the fact that their Complaint was not brought under the IDEA.  The second question is

1

whether, if the exhaustion requirement is applicable, whether it
has been satisfied.   The Court holds that Plaintiffs were
required to exhaust the available administrative remedies, and
that they have failed to meet the exhaustion requirement, because
plaintiffs who bring their claims under the Americans with
Disabilities Act and Title V of the Rehabilitation Act are
required to exhaust the administrative remedies available under
the IDEA when the relief sought is available under the IDEA.   The
Court holds that the relief sought by Plaintiffs is available
under the IDEA, and that Plaintiffs have not exhausted their
administrative remedies because they have not received a final
decision from a due process hearing with an independent hearing
officer.

## I. BACKGROUND

A.W. is an 18 year old high school senior at James Madison
High School.  A.W. was suspended from school following an
incident where A.W. used his cell phone camera to take multiple
pictures up a female classmate's skirt without the classmate's
knowledge, and shared the photographs with other classmates.
A.W. has been diagnosed with Asperger's Syndrome.

On November 1, 2007, the school, after conducting an initial
investigation of the sexual harassment incident, suspended A.W.
for 10 days and recommended his expulsion.  A.W. has been subject
to discipline before and he was on probation at the time of this

2

incident.[1]   On November 12, 2007, the members of A.W.'s Individualized Education Plan Team met to determine whether A.W.'s conduct was a product of his disabilities.  The Individualized Education Plan Team concluded in its Manifest Determination Review that A.W.'s alleged misconduct was not a product of his disabilities.  A.W. received a hearing at the school level, and was then provided with a formal hearing before the Superintendent's designated Hearing Officer on November 26, 2007.  On November 30, 2007, the hearing officer issued a written decision to suspend A.W. for 18 days and reassign him to another public school.  The School Board offered interim educational services for A.W. to take effect following the tenth day of suspension which his parents refused.

Plaintiffs appealed the decision to the School Board, who unanimously upheld the decision in a letter dated January 2, 2008.  Plaintiffs filed their complaint in the Eastern District of Virginia on November 26, 2007, seeking a declaratory judgment, injunctive relief and monetary damages on the basis of alleged disparate discipline of disabled students by the School Board.

---

[1] A.W. has been on probation since 2002, when as a sixth grader, he sent a death threat to a fellow student via e-mail. (Def.'s Mot. Dismiss Exh. 5- Request to Uphold the Suspension of A.W. from Madison High School, Statement of the Administration's Position).  Plaintiff filed a similar suit against the School Board arising from their handling of that matter.  *A.W. v. Fairfax County School Board* 372 F.3d 674 (4th Cir. 2004).

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the Court lacks jurisdiction over the subject matter of the action.  In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper.  *See United States v. Hayes*, 515 U.S. 737, 743 (1995) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings.  *See e.g.*, *White v. CMA Constr. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996); *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen*, 549 F.2d at 891).  In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891.  The district court is then free to weigh the evidence to determine the existence of jurisdiction.  *Adams*, 697 F.2d at 1219.  "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen*, 549 F.2d at 891.

4

A motion to dismiss for lack of subject matter jurisdiction
questions the Court's "power to act." *Nelson v. United States
Postal Serv.*, 189 F. Supp. 2d 450, 454 (W.D. Va. 2002). Plaintiff
bears the burden of establishing that the Court has subject
matter jurisdiction, and when the Defendant challenges the
Court's subject matter jurisdiction, as is the case here, then
"'the district court is to regard the pleadings as mere evidence
on the issue, and may consider evidence outside the pleadings
without converting the proceeding to one for summary judgment.'"
*Id.* (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United
States*, 945 F.2d 765, 768 (4th Cir. 1991)).  A court should only
grant a 12(b)(1) motion to dismiss "'if the material
jurisdictional facts are not in dispute and the moving party is
entitled to prevail as a matter of law.'" *Nelson*, 189 F. Supp.
2d at 454 (quoting *Richmond, Fredericksburg & Potomac R. Co.*, 945
F.2d at 768).

**B. Analysis**

The Court grants the Defendant's Motion to Dismiss
Plaintiffs' claims for lack of subject matter jurisdiction.
Plaintiffs have requested relief from the school suspension
decision under statutes other than the IDEA and the relief sought
is also available under the IDEA, and therefore Plaintiffs' must
exhaust their administrative remedies afforded by the IDEA,
including a due process hearing before bringing a claim in

5

federal court.  Because the Plaintiffs have not sought or had a
due process hearing, no final administrative due process decision
has been issued, and therefore this court does not have subject
matter jurisdiction.  Parents of a disabled child may only file a
suit in federal district court under the IDEA when the parents
are aggrieved by a final administrative due process hearing
decision. 20 U.S.C. §1415(i)(2).  The administration of this
procedure in Virginia is outlined in Title 8 of the Virginia
Administrative Code.  8 VAC 20-80-76.  Although the provisions of
the IDEA do not prevent the parents of disabled children from
seeking relief under statutes designed for their protection, such
as the ADA or Title V of the Rehabilitation Act, the IDEA
requires that where the relief sought is also available under the
IDEA, even if suit is brought under another provision, plaintiff
must first exhaust all administrative remedies available under
the IDEA.  20 U.S.C. §1415(l).  Parents may not circumvent the
exhaustion requirement of the IDEA simply by filing suit under
another statute.

On October 30, 2007, A.W. was suspended from school for
ten days with a recommendation of expulsion by the assistant
principal of his high school as a result of the conduct at issue
in this case.  On November 12, 2007, a Manifestation
Determination Review was held where it was determined that the
behavior in question was not a manifestation of A.W.'s

6

disability.   On November 26, 2007, a formal hearing was held
before the Superintendent's designated hearing officer, who
upheld the action by the school in a written opinion issued on
November 30, 2007, and ordered suspension for 18 days, along with
A.W.'s reassignment to a different school.   Also on November 26,
2007, Plaintiff's filed the instant action in the Eastern
District of Virginia.   A.W. and his parents appealed the school's
decision to the Fairfax County School Board who issued a
unanimous decision in a later dated January 2, 2008, upholding
the school's decision.   Neither party has indicated to the Court
that Plaintiffs have received a due process hearing and a final
administrative decision.   Additionally, at the time that the
complaint was filed, not only had Plaintiffs failed to
participate in a due process hearing, but they had not yet
received decisions from the Superintendent's hearing officer, nor
the School Board.   "It is well-settled that subject matter
jurisdiction is assessed at the outset of the case." *Lincoln
Gen. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 425 F.Supp.2d
738, 742 n.3 (E.D.Va. 2006).   The "jurisdiction of the Court
depends upon the state of things at the time of the action
brought." *Dole Food Co. v. Patrickson* 538 U.S. 468, 478 (2003).

    In 2004, A.W. and his parents filed suit against the Fairfax
County School Board based on disciplinary action stemming from a
death threat issued by A.W. to another student. *A.W. v. Fairfax*

7

*County Sch. Bd.*, 372 F.2d 674 (4th Cir. 2004).  In the Fourth
Circuit's opinion in that matter, the court noted that, "A.W.'s
parents invoked their right under the due process procedures of
the IDEA to a review of the MDR determination.  The appointed due
process review officer ("DPR Officer") issued a prehearing
decision staying the FCSB administrator's transfer decision, and
A.W. returned to his original school following spring break."
*Id.* at 677.  The Court finds that based on Plaintiffs past
experience filing a case under the IDEA, that they were aware of
the exhaustion requirement.

     Plaintiffs advance two arguments as to why they are not
subject to the exhaustion requirement.  First, Plaintiffs take
the position that their claims arise directly under the United
States Constitution, and that accordingly they are not subject to
the exhaustion requirements.  Secondly, Plaintiffs argue that the
compensatory damages that they seek are not available under the
IDEA, and therefore claims for compensatory damages are not
subject to the exhaustion requirement.  Looking first at
Plaintiff's statement that their claims arise under the
Constitution and are not subject to the exhaustion requirement,
the Court does not find this argument persuasive for two reasons.
First, in support of their argument that their claims arise under
the Constitution, Plaintiffs cite to *Goss v. Lopez*, a Supreme
Court decision from 1975, as standing for the proposition that a

suspension exceeding 10 days may require more formal due process
measures.   419 U.S. 565 (1975).   In the over thirty years since
this case was handed down, in over 80 cases, various courts have
disagreed with, declined to extend, and distinguished this case.
*Goss* was argued in October of 1974 and decided by the Supreme
Court in 1975.   The IDEA was initially passed by Congress that
same year, 1975.   Since then the IDEA has been revised several
times, and the section at issue in this case, 20 U.S.C. § 1451,
establishing procedural safeguards did not become effective until
July 1, 2005.   In light of this the Court concludes that the
issues faced by the Supreme Court when deciding *Goss* are
outdated, and the holding from that case is not applicable to
this case.   Additionally, as previously noted, the IDEA
specifically names the Constitution in the provision stating that
claims brought under other federal laws and statutes, with
remedies available under the IDEA, are still subject to the
exhaustion provisions of the IDEA.   20 U.S.C. §1415(1).

    The Court rejects Plaintiffs' position that the compensatory
damages sought are unavailable under the IDEA, and they are
therefore not bound by the exhaustion requirement.   In support of
their argument Plaintiffs point to *M.S. v. Fairfax County School
Board.*   1:05cv1476, 2006 WL 721372 (E.D.Va. March 20, 2006).
There the Court held that, "[i]n the case *sub judice*, [plaintiff]
is seeking compensatory and exemplary damages for the alleged ADA

and Rehabilitation Act violations.  Such relief is not available
under the IDEA.  Accordingly, [plaintiff] was not required to
exhaust his ADA and Rehabilitation Act claims," and cited to
*Witte v. Clark County School District* and *W.B. v. Matula* for
support. Id., at *17-18; *Witte v. Clark County School District*
197 F.3d 1271, 1275 (9th Cir. 1999); *W.B. v. Matula* 67 F.3d 484,
496 (3d Cir. 1995).

The Court notes however that in the intervening time between
when the Court issued their ruling in *M.S.* and the filing of the
instant matter, the cases cited in support of the Court's
conclusion in *M.S.* have been abrogated by their respective courts
of appeals.  In 1995 in *Matula* the Third Circuit issued a finding
that "the exhaustion requirement is limited to actions seeking
relief 'also available' under IDEA," and that "damages are
available in a §1983 action, but IDEA itself makes no mention of
such relief." *Matula*, 67 F.3d at 496.  Four years later in 1999,
the Ninth Circuit in *Witte* cited to *Matula* for support in ruling
that, "[b]ecause Plaintiff seeks only monetary damages, which is
not 'relief that is available under' the IDEA . . . Plaintiff is
not 'seeking relief that is also available' under the IDEA, 20
U.S.C. §1415(l).  That being so, under the plain words of the
statute, exhaustion of administrative remedies is not required."
*Witte*, 197 F.3d at 1275.

The Fourth Circuit had the opportunity to address this issue

10

in 1998 in *Sellers v. School Board of Manassas, Virginia*, where the plaintiffs argued that they could recover monetary damages pursuant to §1983 actions premised on IDEA violations, and cited to *Matula* for support.   141 F.3d 524, 529 (4th Cir. 1998).   The Court in *Sellers* rejected plaintiff's argument holding that the "IDEA provides a comprehensive remedial scheme for violations of its own requirements [and] parties may not sue under section 1983 for an IDEA violation." *Id.*   The Court reasoned that, "[a] closer reading . . . reveals no intent that parties be able to bypass the remedies provided in IDEA by suing instead under section 1983 for an IDEA violation." *Id.* at 530.   Furthermore in 2007 the Third Circuit had the opportunity to re-examine their holding in *Matula* and in light of intervening rulings by other circuits and the Supreme Court, the Third Circuit concluded that their ruling in *Matula* was no longer sound and should be abandoned.   *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 795, 799 (3d Cir. 2007).

That same year, the Ninth Circuit was presented with the opportunity to re-examine their holding in *Witte*.   *Kutasi v. Las Virgenes Unified Sch. Dist.* 494 F.3d 1162, 1168-69 (9th Cir. 2007).   In summarizing *Witte*, the Court in *Kutasi* characterized the case as one where, "because the plaintiff sought only monetary damages, and because all educational issues had already been resolved to the parties' mutual satisfaction through the IEP

11

process, the plaintiff was not 'seeking relief that is also available' under the IDEA. *Id.* at 1168 (citing *Witte*, 197 F.3d at 1275). The Court went on however, to say that, "[w]e circumscribed *Witte*, however, in *Robb v. Bethel School District Number 403*, where we clarified that a plaintiff cannot evade the IDEA's exhaustion requirement merely by limiting a claim to money damages." *Id.* at 1168-69. The *Kutasi* Court summarized *Robb* as a case where

> The plaintiffs requested money damages as compensation . . . . Even though an administrative proceeding could not provide relief in the form requested by the plaintiffs, we concluded "[i]t would be inappropriate for a federal court to short-circuit the local school district's administrative process based on the possibility that some residue of the harm Ms. Robb allegedly suffered may not be fully remedied by the services Congress specified in the IDEA.

*Id.* at 1169 (citing *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1048 (9th Cir. 2002)). The Court went on to "conclude that the present case is controlled by *Robb*, because unlike the plaintiffs in *Witte* . . . the Kutasis have not resolved all educational issues underlying their claims." *Id.* The Court in *Robb* also noted the limited applicability of their holding in *Witte* because of the distinct factual scenario involved as it pertained to the goals and remedies of the IDEA, characterizing *Witte* as a case where, "the plaintiff's allegations centered around physical abuse and injuries," going on to quote from

12

*Witte*, where the Court wrote that " '[t]he remedies available under the IDEA would not appear to be well suited to addressing past physical injuries adequately; such injuries typically are remedied through an award of monetary damages.'" *Robb*, 308 F.3d at 1052 (quoting *Witte*, 197 F.3d at 1276).   The Court went on to distinguish *Witte* as an instance where,

> Neither the genesis nor the manifestations of the abuse were educational.   There was no reason to believe the plaintiff's injuries could be redressed to any extent by the IDEA's administrative procedures and remedies.   So we permitted the plaintiff to avoid the IDEA's exhaustion requirement.   We did not intend to chart a course away from the holdings of our sister circuits.

*Id.*

In light of the history of the cases cited in *M.S.* as support for the conclusion that compensatory damages were unavailable under the IDEA and that parties seeking compensatory damages were not bound by the exhaustion requirements of the IDEA, the Court departs from the holding in *M.S. v. Fairfax County School Board*, and finds that parties are not permitted to circumvent the exhaustion requirements of the IDEA by an inclusion of a request for compensatory damages.   Therefore, the Court declines to find that Plaintiffs are exempt from the exhaustion requirement due to their request for compensatory damages.[2]

---

[2] The Court notes that the Fourth Circuit has enumerated three narrow exemptions to the exhaustion requirement: "(1) when the administrative process would have been futile; (2) when a school board failed to give parents proper

13

gation is unsatisfied because Plaintiffs have failed to

participate in a due process hearing and because at the time

their complaint was filed they had not even exhausted all of

their remedies within the School Board.  Plaintiffs do not

---
notification of their administrative rights; or (3) when administrative
exhaustion would have worked severe harm upon a disabled child." *M.M. v. Sch.
Dist. of Greenville County*, 303 F.3d 523, 535-36 (4th Cir. 2002).  Plaintiffs
have not argued in any of their pleadings nor at hearing that they qualify for
any of these enumerated exemptions.

qualify for any of the narrowly drawn exceptions to the
exhaustion requirement, and their claims of exemption are without
merit.

For the foregoing reasons, it is hereby

ORDERED that Defendants Fairfax County School Board and Jack
D. Dale's Motion to Dismiss is GRANTED.   It is further

ORDERED that Plaintiffs Complaint is hereby Dismissed
without Prejudice.

The Clerk is directed to forward a copy of this Order to
counsel.

Entered this 13th day of March, 2008.


_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
03/ 13 /08

15